## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2016, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan L. Ciyou
Darlene R. Seymour
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Trina Glusenkamp Gould
Helmke Beams LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angela Harris, *Appellant-Petitioner,* <br><br> v. <br><br> Eric Harris, *Appellee-Respondent* | June 24, 2016 <br><br> Court of Appeals Case No. 02A03-1507-DR-811 <br><br> Appeal from the Allen County Superior Court <br><br> The Honorable Carolyn Foley, Special Judge <br> The Honorable John D. Kitch III, Special Judge <br><br> Trial Court Cause No. 02D07-0207-DR-496 |

**Bailey, Judge.**

# Case Summary

In this consolidated appeal, Angela Harris ("Angela") challenges an order that she pay attorney's fees to her ex-husband Eric Harris ("Eric") and child support orders pertaining to the parties' two children, Em.H. and Ev.H. ("the Children"), who are now both emancipated. We affirm in part; reverse in part; and remand with instructions.

# Issues

Angela presents three issues for our review:

I. Whether the award of $775.00 in attorney's fees, entered after this Court reversed a finding of contempt against Angela, is an abuse of discretion;

II. Whether Angela was entitled to parenting time credit in the computation of her child support and arrearage; and

III. Whether Eric's child support obligation was prematurely terminated.

# Facts and Procedural History

Angela and Eric have a long history of litigation regarding custody, parenting time, and child support. In a prior appeal, a panel of this Court recited the pertinent facts, a portion of which we reproduce here:

> While Angela and Eric Harris were married they had two children, Em.H., born in August 1996, and Ev.H., born in June

1997. The couple's marriage was dissolved in 2005. Angela and Eric were awarded joint legal custody, Angela was awarded primary physical custody, and Eric was awarded parenting time consistent with the Indiana Parenting Time Guidelines. Since the dissolution, Angela and Eric's relationship has been acrimonious at best, and there is a long history of Angela interfering with Eric's parenting time.

In March 2012, Eric was awarded physical custody of the children. In August 2012, the trial court found that Angela had alienated the children from Eric and stayed the enforcement of the March 2012 order pending an investigation by a guardian ad litem. Although the trial court reaffirmed its order awarding Eric physical custody of the children in January 2013, the children continued to reside with Angela, and Eric exercised parenting time.

The trial court held hearings on December 31, 2013, and January 17, 2014, addressing various outstanding petitions including four contempt petitions by Eric, presumably based on Angela's interference with his parenting time, and Angela's petition to modify custody. At the conclusion of the January 17, 2014 hearing, the trial court denied Angela's request to modify custody and granted the contempt petitions. . . . As a sanction for the contempt, the trial court sentenced Angela to 180 days in the Allen County Jail, suspended upon her cooperation with court-ordered family counseling. . . .

On January 22, 2014, Angela exercised visitation with the children and, when she returned them to Eric's house, they refused to get out of the car. Angela called Eric from her car and asked him to get the kids, and he responded, "They're not babies or invalids. They can get out of the car and come to the door." February 12, 2014 Hr. Tr. p. 30. Angela then called the police, who were unable to get the children out of the car. Eventually

the police officer instructed Angela "to take the kids and leave." *Id.* at 21.

At some point the children returned to Eric's house, and Angela exercised visitation from January 24, 2014, through January 26, 2014. When Eric arrived at Angela's house to pick up the children, they went out to Eric's car and spoke with him but refused to return to Eric's house. Angela watched the interaction from inside the house.

Eric filed two separate contempt petitions for these incidents. On February 12, 2014, the trial court held a hearing on Eric's contempt petitions. Em.H. testified at the hearing that, although the police officer told her to get out of the car, she just did what made her happy. *See id.* at 40. Em.H. agreed that she was disobeying her mother, her father, and the trial court. . . .

The trial court found Angela in contempt but continued her suspended 180-day sentence. The trial court also temporarily abated Angela's parenting time and ordered her to undergo a psychological evaluation. . . .

On February 18, 2014, Eric filed a contempt petition alleging that on February 17, 2014, Angela's parents picked the children up from school prior to their dismissal and that Angela then picked the children up from her parents' house and failed to return them to Eric. On March 7, 2014, the trial court held a hearing on this petition at which Angela appeared pro se. . . .

At the conclusion of the hearing, the trial court found Angela in contempt and ordered her "confined at the Allen County Jail for a period of ten days." March 7, 2014 Hr. Tr. p. 73. . . .

On March 14, 2014, Angela filed her notice of appeal of the February 12, 2014 ruling. On April 4, 2014, Angela filed her notice of appeal of the March 7, 2012 ruling, and the appeals were eventually consolidated.

*Harris v. Harris*, No. 02A03-1403-DR-86, slip op. at 2-6 (Ind. Ct. App. Dec. 10, 2014.) This Court reversed the findings of contempt arising from the January and February 2014 incidents and remanded the matter for necessary findings to support the suspension of parenting time. *Id.* at 12.

[4]  On September 30, 2014, a few months before the appellate decision was issued, the trial court held a hearing at which Angela's parenting time was reinstated, without supervision. However, Angela was not permitted to take the Children for overnights. Angela was ordered to pay $165.00 per week in child support, effective February 12, 2014. She was also ordered to pay attorney's fees pursuant to Eric's Exhibit B. Angela filed a motion to correct error, which was denied.

[5]  On August 4, 2015, the trial court issued an additional order. Pursuant to that order, the Children (then each eighteen years of age) were to live with Angela, Eric's child support obligation was summarily terminated, Angela was ordered to pay a child support arrearage of $9,422.00, and Eric was awarded attorney's fees of $775.00.

[6]  Angela appealed the September 30, 2014 order and the August 4, 2015 order. The appeals were then consolidated.

# Attorney's Fees

[7] Angela argues that the trial court erroneously ordered her to pay attorney's fees that were related to findings of contempt reversed by this Court on appeal.[1]

[8] In post-dissolution proceedings, the trial court may order a party to pay a reasonable amount toward an opposing party's attorney's fees and, in general, the decision to grant or deny fees is left to the sound discretion of the trial court. *Bartlemay v. Witt*, 892 N.E.2d 219, 231 (Ind. Ct. App. 2008). The trial court may consider such factors as the resources and respective incomes of the parties, as well as misconduct on the part of one party that caused additional attorney's fees. *Id.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the trial court or where the trial court has misapprehended the law. *Id.* at 231-32. Where a portion of attorney's fees derives from an erroneous finding of contempt, reversal for recalculation is appropriate. *Id.* at 232.

[9] In the August 4, 2015 order, the trial court indicated that it had considered "the resources available to both parties" and "the actions of Mother throughout the pendency of this action." (App. at 63.) However, the $775.00 award closely corresponds to the $726.00 in itemized fees sought for legal work performed in

_____

[1] Angela claims that "the First Order should be reversed as it relates to those fees." Appellant's Brief at 12. However, the "first order" award of $4,884.00 in attorney's fees was for legal work performed through December 31, 2013. This was prior to the January and February 2014 incidents that gave rise to the contempt determinations later reversed on appeal. *See* Respondent's Exhibit B. Only the fees related to the reversed contempt determinations are at issue.

January of 2014. *See* Respondent's Exhibit B, pg. "A." With the exception of one entry of January 20, 2014 for $66.00, this legal work was performed on or after January 22, 2014, the date that the Children refused to get out of Angela's car. As the attorney's fees awarded on August 4, 2015 appear to have included amounts attributable to pursuing non-meritorious contempt citations reversed on appeal, the award must be re-calculated.

## Parenting Time Credit

Angela was ordered to pay $165.00 weekly in child support, beginning in February of 2014. She now claims that her arrearage should be re-calculated with a reduction for a parenting time credit. According to Angela, expert testimony following her psychological evaluation proved her parental fitness to exercise overnight parenting time and a child support reduction is an appropriate remedy to address the wrongful denial.

Under Indiana Child Support Guideline 6, a non-custodial parent is to be afforded credit to his or her child support obligation "for hosting his or her children overnight." *Sandlin v. Sandlin*, 972 N.E.2d 371, 377 (Ind. Ct. App. 2012). During the relevant time period, Angela did not host the Children overnight and incur related expenses. Thus, she was not afforded a corresponding credit to her child support obligation and a parenting time credit was not applied to reduce her arrearage. Angela cites no authority for the proposition that the omission of a parenting time credit is in the nature of a

parental sanction subject to reinstatement. We find no error in the trial court's calculation of child support or child support arrearage.

## Termination of Child Support

[12] In its order of August 4, 2015, the trial court summarily terminated Eric's child support obligation. Ev.H. had turned eighteen approximately two months earlier; Em.H. was one week shy of her nineteenth birthday.

[13] Indiana Code Section 31-16-6-6 provides that a parental duty of child support terminates when the child attains the age of nineteen, absent conditions not argued or established in this case. As such, we agree with Angela that the trial court prematurely terminated Eric's child support obligation. We remand with instructions to calculate his child support obligation up to each child's nineteenth birthday.

## Conclusion

[14] We affirm the order that Angela pay child support of $165.00 weekly. We remand with instructions to recalculate the attorney's fees award of August 4, 2015 so as to exclude amounts attributable to the non-meritorious contempt claims and to calculate Eric's child support obligation.

[15] Affirmed in part, reversed in part, and remanded with instructions.

Bradford, J., and Altice, J., concur.